150 N.J. Super. 427 (1977)
375 A.2d 1229
JOHN J. RADIGAN AND RUTH RADIGAN, PLAINTIFFS-APPELLANTS,
v.
INNISBROOK RESORT AND GOLF CLUB, DEFENDANT-RESPONDENT AND CROSS-APPELLANT, AND TEXIZE CHEMICALS, INC., A/K/A MORTON-NORWICH PRODUCTS, INC., AND INTEX, A SOUTH CAROLINA CORPORATION DOING BUSINESS IN NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued March 15, 1977.
Decided June 7, 1977.
*428 Before Judges MATTHEWS, SEIDMAN and HORN.
Mr. Philip G. Auerbach argued the cause for appellants Radigan (Messrs. Auerbach, Rudnick & Waldman, attorneys).
Mr. George R. Hardin argued the cause for defendant-respondent, and cross-appellant Innisbrook Resort and Golf Club (Messrs. Conway, Reiseman, Michals, Wahl, Bumgardner & Hurley, attorneys).
Mr. Thomas T. Chappell argued the cause for respondent Texize Chemicals, Inc. (Messrs. Lamb, Hutchinson, Chappell, *429 Ryan & Hartung, attorneys; Ms. Mary B. Rogers on the brief).
PER CURIAM.
We granted plaintiffs' motion for leave to appeal, primarily to consider the propriety of the conditioned order, entered in the Law Division, bifurcating this personal injury, negligence case and directing that the liability issue should be tried in Florida (if the court there should accept jurisdiction) and the damage issue tried here.
While a guest at the Innisbrook Resort and Golf Club in Florida, plaintiff John Radigan slipped and fell on a waxed floor, sustaining a severe injury. He instituted an action in New Jersey against the resort corporation, and also joined as defendant the manufacturer of the wax used on the floor, a South Carolina corporation. His wife also sued per quod. Both defendants were served under our "long arm" rule. R. 4:4-4. Innisbrook moved to dismiss the complaint, claiming lack of jurisdiction. (We note that proper procedure would dictate a motion to set aside service of process.) The trial judge, in a written opinion reported at 142 N.J. Super. 419 (Law Div. 1976), held that the operator of the Florida resort had sufficient contact in this State to support the service of process. He ruled further, however, that New Jersey was an inconvenient forum for trying the liability issue, but not the damages issue. Accordingly, he bifurcated the two issues as noted earlier, with the liability issue to be tried in Florida and the damages issue here.
Plaintiffs appeal that portion of the order pertaining to the liability issue. The argument advanced is that the trial judge erred in requiring the issue of liability to be tried in Florida, and misapplied the doctrine of forum non conveniens. Innisbrook cross-appeals, arguing that the judge had authority to direct the interstate bifurcation but erred in finding sufficient contact in this State to assert jurisdiction over Innisbrook. Though not an appellant, Texize argues that, upon a finding of forum non conveniens, the sole remedy *430 is a dismissal of the action, and that the trial judge lacked power to order a bifurcation.
First, we turn to the cross-appeal. We are satisfied that, on the facts here present, Innisbrook had sufficient contact with this State so as to support the "long arm" service of process. The Florida resort not only advertised in publications which circulated in New Jersey, it also maintained direct communication with former guests residing in this State. Although such contacts may not have been as extensive as those in Schaffer v. Granit Hotel, Inc., 110 N.J. Super. 1 (App. Div. 1970), and Oliff v. Kiamesha Concord, Inc., 106 N.J. Super. 121, 124 (Law Div. 1969), we find they were enough so as not to offend "traditional notions of fair play and substantial justice." International Shoe Co. v. Washington, etc., 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed.2d 95 (1945).
The trial judge recognized that his order represented a novel approach. While such a bifurcation, in an appropriate case, seems like a sensible idea, we entertain some doubt whether it would be permissible. However, we do not deem it necessary to resolve the troublesome problem involved because we are convinced that the bifurcation was uncalled for under the circumstances presented and therefore constituted a mistaken exercise of discretion on the part of the trial judge.
In Civic Southern Factors v. Bonat, 65 N.J. 329 (1974), the court said that ordinarily the issue of whether the doctrine of forum non conveniens should be applied depends on the facts and circumstances of the particular case, and ordinarily the matter is left to the sound discretion of the trial judge. However, the court also said that a plaintiff's choice of forum will not be disturbed except upon a clear showing of real hardship or for some other compelling reason. The choice of forum, it added, must be "demonstrably inappropriate." 65 N.J. at 333.
*431 We find that no real hardship will be visited on defendant resort if it should have to respond to the liability issue in this State, nor do we discern any other compelling reason for depriving plaintiffs of their choice of forum. Actually, Innisbrook offered no documentation at all on the issue of forum non conveniens. Its motion was predicated solely on the lack of contacts issue.
The test is not, as the trial judge phrased it, the achievement of "minimum expense and inconvenience" (142 N.J. Super. at 428) in the presentation of witnesses. There must be a showing of real hardship to defendant, or some other compelling reason. Neither had been demonstrated here. See, e.g., Amercoat Corp. v. Reagent Chem. & Research, Inc., 108 N.J. Super. 331, 348 (App. Div. 1970).
The conditional order of bifurcation is vacated; as so modified the order of the Law Division is affirmed to the end that all issues raised in the action will be tried in this jurisdiction.