269 N.J. Super. 59 (1993)
634 A.2d 562
BARRY GLICKMAN AND KATHLEEN GLICKMAN, PLAINTIFFS-RESPONDENTS,
v.
TODD D. ANDERSON, O.D. JONES CONSTRUCTION CO., JOHN DOE (1-10) AND XYZ CORPORATION (1-10) (NAMES BEING FICTITIOUS AS THEIR TRUE IDENTITIES ARE UNKNOWN), DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 17, 1993.
Decided December 9, 1993.
*60 Before Judges SHEBELL, LONG and LANDAU.
Peter W. Sachs argued the cause for appellants (Sachs & Sachs, attorneys; Mr. Sachs on the brief).
James Durek argued the cause for respondents (Durek & Harth, attorneys; Mr. Durek on the brief).
The opinion of the court was delivered by SHEBELL, P.J.A.D.
This is an appeal by defendant, O.D. Jones Construction Co. (Jones), who is an out-of-state owner of an automobile that was involved in an accident in New Jersey after it was stolen in Florida. Defendant appeals, on leave granted, from the Law Division order denying defendant's motion for dismissal based upon lack of personal jurisdiction. We reverse and remand.
On March 9, 1993, plaintiffs, Barry Glickman and his wife, Kathleen, filed a complaint, relating to the injuries Mr. Glickman sustained, against defendants, Todd D. Anderson, O.D. Jones Construction Co., John Doe (1-10) and XYZ Corporation (1-10). On April 30, 1993, defendant, O.D. Jones Construction Co., filed an answer reserving the right to move to dismiss for lack of personal jurisdiction. Defendant, within the 90 days permitted by R. 4:6-3, filed a motion for summary judgment based upon a lack of jurisdiction. The motion was denied on June 25, 1993. Defendant filed a motion for leave to appeal, which we granted.
These are the facts. On April 5, 1991, Otha D. Jones, of defendant O.D. Jones Construction Co., parked his Ford van in front of Scotty's Hardware Store in Bartow, Florida. When he returned a short time later, the van had been stolen. He had left the van's doors unlocked. There is conflicting evidence regarding Jones's placement of the keys when he exited the vehicle. According to the police report, on the day the van was stolen Jones stated that he placed the keys to the vehicle on the floor next to *61 the driver's seat before exiting the vehicle. However, in his affidavit, prepared on May 11, 1993, Jones stated the following:
As I exited the van, I believe I dropped the keys, either onto the floor of the van or onto the pavement. I was not aware I had dropped the keys at that time. I entered Scotty's, and five minutes later, when I returned, the van had disappeared.
Five days later, plaintiff Barry Glickman was operating his motor vehicle on Highway 22 in the Township of Green Brook, New Jersey. Defendant Todd D. Anderson was operating the stolen van and allegedly caused it to collide with the plaintiff's vehicle.
Plaintiffs' complaint stated that the alleged negligence of defendant O.D. Jones Construction Co. was the following:
[I]t left its vehicle with keys in the ignition under circumstances where said defendant knew or should have known that such conduct would lead to the unauthorized use of said vehicle.
Plaintiff Barry Glickman claimed serious and permanent personal injuries, and his wife sought damages for loss of services, society, and consortium.
Defendant asserts that no one on its behalf has ever driven this van in New Jersey except to retrieve the stolen van after the accident and that its use in New Jersey was never authorized. Defendant contends that since it had no "minimum contacts" with the State of New Jersey, there is no personal jurisdiction over Jones. Plaintiffs allege that the "minimum contacts" requirement for non-resident jurisdiction has been met and that summary judgment was not appropriate because a factual dispute exists.
Service of process was not attempted under N.J.S.A. 39:7-2, authorizing service upon the Director of the Division of Motor Vehicles as to certain non-resident motor vehicle operators and owners.[1] Rather, New Jersey's "long-arm" rule, R. 4:4-4(c)(1), which permits the exercise of personal jurisdiction over out-of-state corporations subject only to due process of law, was employed. This rule provides as follows:

*62 (1) Corporations. Upon a domestic or foreign corporation, by serving, in the manner prescribed in paragraph (a), either an officer, director, trustee, or managing or general agent; or any person authorized by appointment or by law to receive service of process on behalf of the corporation; or the person at the registered office of the corporation in charge thereof. If service cannot be made upon any of the foregoing, then it may be made upon the person at the principal place of business of the corporation in this State in charge thereof, or if there is no place of business in this State, then upon any servant of the corporation within this State acting in the discharge of his duties. If it appears by affidavit of plaintiff's attorney or of any person having knowledge of the facts that after diligent inquiry and effort personal service cannot be made upon any of the foregoing and if the corporation is a foreign corporation, then, consistent with due process of law, service may be made by mailing, by registered or certified mail, return receipt requested, a copy of the summons and complaint to a registered agent for service, or to its principal place of business, or to its registered office.

[R. 4:4-4(c)(1) (emphasis added).]
The due process clause of the United States Constitution provides the following:
All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.
[U.S. Const. amend. XIV, § 1 (emphasis added).]
The courts of New Jersey have construed the "long-arm" rule to permit jurisdiction over foreign corporations "to the outer limits permitted by the due process clause of the United States Constitution." Beckwith v. Bethlehem Steel Corp., 182 N.J. Super. 376, 383, 440 A.2d 1372 (Law Div. 1981) (citing R. 4:4-4(c)(1); Avdel Corp. v. Mecure, 58 N.J. 264, 277 A.2d 207 (1971)).
The test for determining the constitutionality of the exercise of jurisdiction under the Fourteenth Amendment due process clause was established by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Appellant, a Delaware corporation, had its principal place of business in St. Louis, Missouri. Id. at 313, 66 S.Ct. at 156, 90 L.Ed. at 100. Appellant maintained no office in the State of Washington, but it did employ eleven to thirteen salesmen there *63 under the control of managers located in St. Louis. Id. at 313, 66 S.Ct. at 156, 90 L.Ed. at 100. The salesmen were supplied with sample shoes and they transmitted the orders for acceptance or rejection to the St. Louis office. Id. at 314, 66 S.Ct. at 157, 90 L.Ed. at 100. Occasionally, appellant rented rooms in hotels or business buildings to temporarily display samples of shoes. Id. at 314, 66 S.Ct. at 157, 90 L.Ed. at 100.
The Supreme Court held that these activities established appellant's "presence" in Washington, and therefore, the State had constitutional power to subject appellant to taxation and to subject appellant to suit in Washington to recover those taxes. Id. at 321, 66 S.Ct. at 160, 90 L.Ed. at 105. The Court held that to be subject to in personam jurisdiction, the foreign defendant must have "minimum contacts" with the forum state to the extent that the "maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" Id. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102 (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278, 283 (1940)). The Court declared that the due process clause "does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations." International Shoe, supra, 326 U.S. at 319, 66 S.Ct. at 160, 90 L.Ed. at 104. The International Shoe test "focuses on fairness and reasonableness." Beckwith, supra, 182 N.J. Super. at 384, 440 A.2d 1372.
In World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), plaintiffs, residents of New York who had purchased an automobile from a retailer in New York, were injured in an automobile accident in Oklahoma. Alleging that their injuries were caused by the defective design and placement of the automobile's gas tank and fuel system, plaintiffs brought suit in Oklahoma against the retailer and wholesale distributor, both of whom were incorporated and did business in New York. Id. at 288, 100 S.Ct. at 563, 62 L.Ed.2d at 495-496. The retailer and wholesale distributor contended that Oklahoma's *64 exercise of jurisdiction over them would offend the limitations on state jurisdiction imposed by the due process clause of the Fourteenth Amendment. Id. at 288, 100 S.Ct. at 563, 62 L.Ed.2d at 496.
In holding that Oklahoma could not, consistent with due process, exercise in personam jurisdiction over the New York retailer and wholesale distributor, the United States Supreme Court reaffirmed that there must be "minimum contacts" between the defendant and the forum state. Id. at 290, 100 S.Ct. at 563, 62 L.Ed.2d at 498 (citing International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). The Court found that the only connection between the retailer and wholesale distributor and Oklahoma was the fortuitous circumstance that the automobile, sold by defendants in New York to New York residents, happened to be involved in an accident while passing through Oklahoma. World-Wide Volkswagen, supra, 444 U.S. at 295, 100 S.Ct. at 566, 62 L.Ed.2d at 500. The Court explained:
Petitioners carry on no activity whatsoever in Oklahoma. They close no sales and perform no services there. They avail themselves of none of the privileges and benefits of Oklahoma law. They solicit no business there either through salespersons or through advertising reasonably calculated to reach the State. Nor does the record show that they regularly sell cars at wholesale or retail to Oklahoma customers or residents or that they indirectly, through others, serve or seek to serve the Oklahoma market. In short, respondents seek to base jurisdiction on one, isolated occurrence and whatever inferences can be drawn therefrom: the fortuitous circumstance that a single Audi automobile, sold in New York to New York residents, happened to suffer an accident while passing through Oklahoma.

[Ibid.]
The plaintiffs in World-Wide Volkswagen argued that because an automobile is mobile, it was foreseeable that this car would cause injury in Oklahoma. Ibid. The Supreme Court was not persuaded by that argument stating, "`foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." Ibid. The Court defined "foreseeability" in this context in the following way:
This is not to say, of course, that foreseeability is wholly irrelevant. But the foreseeability that is critical to due process analysis is not the mere likelihood that *65 a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.
[World-Wide Volkswagen, supra, 444 U.S. at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501.]
The Supreme Court fully stated its "purposefully availing" test originally recognized in International Shoe, supra. It provided:
[I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.
[Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958) (citing International Shoe Co. v. Washington, 326 U.S. 310, 319, 66 S.Ct. 154, 160, 90 L.Ed. 95, 103 (1945)).]
In the case at bar, the Law Division judge erroneously held that New Jersey was vested with jurisdiction. Citing Hill v. Yaskin, 75 N.J. 139, 380 A.2d 1107 (1977), he ruled that New Jersey recognizes a cause of action in negligence against the owner of a stolen automobile who has left keys in the car. The Law Division judge, after holding that a jury could have found defendant's conduct negligent under Hill, stated that jurisdiction in tort cases may be premised on a single contact with the forum state if injury results to one of the state's residents. The trial court based its determination on language found in Beckwith, supra, 182 N.J. Super. at 376, 440 A.2d 1372. In Beckwith, plaintiffs in an action against manufacturers and distributors of asbestos products sought to join the Asbestos Information Association/North America, Inc. (AIA/NA) as a defendant for the sole purpose of obtaining discovery. Id. at 379, 440 A.2d 1372. AIA/NA, a nonprofit Delaware corporation with its only office in Arlington, Virginia, asserted that plaintiffs did not have personal jurisdiction over it. Id. at 379-380, 440 A.2d 1372. AIA/NA had never engaged in any business dealings in New Jersey, and its only connection to New Jersey was that it had one regular and one associate member in New Jersey. Id. at 380, 440 A.2d 1372. The Law Division held that New Jersey lacked in personam jurisdiction over AIA/NA noting AIA/NA's contacts with New Jersey were of a minimal nature and the limited nature of an equitable action for discovery. Id. at 385, 440 A.2d 1372.
*66 Beckwith did not involve a tort action, however, the Law Division judge said, in dictum, "[j]urisdiction in tort actions may be premised upon a single contact with the forum if the contact results in injury to one of its residents." Id. at 384, 440 A.2d 1372. He noted New Jersey's interest in providing access to its courts for residents who have been injured due to the actions of an out-of-state defendant, citing three cases; namely, Radigan v. Innisbrook Resort and Golf Club, 150 N.J. Super. 427, 375 A.2d 1229 (App.Div. 1977); Blessing v. Prosser, 141 N.J. Super. 548, 359 A.2d 493 (App.Div. 1976); and Knight v. San Jacinto Club, Inc. 96 N.J. Super. 81, 232 A.2d 462 (Law Div. 1967). Beckwith, supra, 182 N.J. Super. at 384, 440 A.2d 1372. None of the three cases cited can support a determination that jurisdiction in the present tort action may be constitutionally permissible.
In this case, the tortious conduct alleged occurred in Florida, whereas, defendant must be shown to have had sufficient "minimum contacts" within New Jersey to be subject to suit here. International Shoe, supra, 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102. Liability in a case such as Hill is based on foreseeability. Hill, supra, 75 N.J. at 147, 380 A.2d 1107. We are instructed by the holding in World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) that "foreseeability," while not wholly irrelevant, is not in and of itself sufficient cause to establish personal jurisdiction under the due process criteria. Defendant did not advertise in any New Jersey publications. Defendant has never done business in New Jersey, and was only in New Jersey once to retrieve the stolen van. Furthermore, the tortious act alleged, leaving the keys in an unlocked van, was not committed in New Jersey; it was committed in Florida.
In Stroman v. Brown, 194 N.J. Super. 307, 476 A.2d 874 (App. Div. 1984), we found that a husband "did not purposefully avail himself of conducting activities in Pennsylvania by casually giving his wife permission to drive his automobile there on her personal business." Stroman, supra, 194 N.J. Super. at 312, 476 A.2d 874. *67 Here, the defendant did not give anyone permission to drive his van to New Jersey. It follows that if it is not fair to subject the husband in Stroman to personal jurisdiction when he voluntarily gave his wife permission to drive to the forum state, then it is even more unfair to subject the owner of a motor vehicle to jurisdiction when the vehicle is stolen and driven to the forum state without the owner's knowledge. We express no view on how we believe Stroman might be decided today, particularly if the case involved a Pennsylvania resident, an accident in New Jersey, and claimed jurisdiction of the New Jersey courts.
We are not persuaded that the mobility of the motor vehicle is an overriding factor. The plaintiffs in World-Wide Volkswagen argued that because an automobile is mobile, it was foreseeable that a car might cause injury in Oklahoma. World-Wide Volkswagen, supra, 444 U.S. at 295, 100 S.Ct. at 566, 62 L.Ed.2d at 500. The Supreme Court responded to that argument by stating, "`foreseeability' alone has never been a sufficient benchmark for personal jurisdiction under the Due Process Clause." World-Wide Volkswagen, supra, 444 U.S. at 295, 100 S.Ct. at 566, 62 L.Ed.2d at 500. The Court also said:
[T]he foreseeability that is critical to due process analysis is not the mere likelihood that a product will find its way into the forum State. Rather, it is that the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.
[World-Wide Volkswagen, supra, 444 U.S. at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501.]
We noted in Stroman that the Supreme Court has minimized the significance of foreseeability that the vehicle would cause injury in the forum state, stating:
But today, under the regime of International Shoe, we see no difference for jurisdictional purposes between an automobile and any other chattel. The "dangerous instrumentality" concept apparently was never used to support personal jurisdiction; and to the extent it has relevance today it bears not on jurisdiction but on the possible desirability of imposing substantive principles of tort law such as strict liability.
[Stroman, supra, 194 N.J. Super. at 311, 476 A.2d 874 (quoting World-Wide Volkswagen Corp. v. Woodson, supra, 444 U.S. at 296 n. 11, 100 S.Ct. at 566 n. 11, 62 L.Ed.2d at 501 n. 11).]
*68 Plaintiffs recite that New Jersey has a strong interest in providing access to its courts for citizens who have sustained injury due to the actions of an out-of-state defendant. See Beckwith, supra, 182 N.J. Super. at 384, 440 A.2d 1372. This court has acknowledged this interest, but, citing World-Wide Volkswagen, emphasized that it is not the only consideration:
While New Jersey has an interest in assuring its citizens the means of obtaining convenient and effective judicial relief, this interest is only one of the factors to be weighed in considering the reasonableness of exercising personal jurisdiction over nonresidents.
[Keech v. LaPointe Machine Tool Co., 200 N.J. Super. 177, 185, 491 A.2d 10 (App.Div. 1985) (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. at 292, 100 S.Ct. at 564, 62 L.Ed.2d at 498).]
In Keech, an employee, injured by a machine, brought suit against the foreign manufacturer. 200 N.J. Super. at 180, 491 A.2d 10. The accident occurred in 1978, but the manufacturer had terminated doing business in New Jersey in 1972. Ibid. We held that the corporation lacked sufficient contacts with New Jersey to support in personam jurisdiction. Id. at 185, 491 A.2d 10. We held that having discontinued doing business in New Jersey in 1972, defendant would now only be subject to jurisdiction for causes of action arising from the business it had conducted in New Jersey. Id. at 183, 491 A.2d 10. Since the machine was sold in 1955 by defendant manufacturer to an Oklahoma corporation, it was "merely fortuitous" that the machine was brought to New Jersey. Id. at 184, 491 A.2d 10. Again, it was the fairness and reasonableness of the situation that needed to be considered before subjecting a defendant to personal jurisdiction. Ibid.
Our New Jersey Supreme Court has held that the decision of whether it is fair and reasonable to compel a non-resident to defend a suit in this State may depend "upon a balancing of various factors in addition to the defendant's contacts with the forum." Charles Gendler & Co. v. Telecom Equipment Corp., 102 N.J. 460, 472, 508 A.2d 1127 (1986). These factors include:
[T]he forum State's interest in adjudicating the dispute; the plaintiff's interest in obtaining convenient and effective relief, at least when that interest is not adequately protected by the plaintiff's power to choose the forum; the interstate *69 judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.
[Ibid. (quoting World-Wide Volkswagen Corp. v. Woodson, supra, 444 U.S. at 292, 100 S.Ct. at 564-65, 62 L.Ed.2d at 498 (citations omitted).)]
Gendler involved the purchase in New Jersey of an allegedly defective telephone system from a nonresident manufacturer. Gendler, supra, 102 N.J. at 467, 508 A.2d 1127. Holding that the stream of commerce theory could support the exercise of personal jurisdiction over a non-resident defendant, our Supreme Court remanded the case to the Law Division for a determination of whether the nonresident defendant was aware or should have been aware of its system of distributing telephone systems throughout the United States. The Gendler Court stated, "`a trend is clearly discernible toward expanding the permissible scope of state jurisdiction over foreign corporations and other nonresidents.'" Id. at 473, 508 A.2d 1127 (quoting McGee v. International Life Ins. Co., 355 U.S. 220, 222, 78 S.Ct. 199, 201, 2 L.Ed.2d 223, 226 (1957)).
While this may be true, there are, nevertheless, constitutional considerations to be weighed. Under the United States Supreme Court cases that have interpreted the due process considerations involving jurisdiction, we conclude that New Jersey would not be permitted to exercise personal jurisdiction over the defendant in the present case. Due process requires that in order for a foreign defendant to be subject to in personam jurisdiction there must be "minimum contacts" with the forum state such that the "maintenance of the suit does not offend `traditional notions of fair play and substantial justice.'" International Shoe, supra, 326 U.S. at 316, 66 S.Ct. at 158, 90 L.Ed. at 102 (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278, 283 (1940)). The defendant in this case did not have sufficient "minimum contacts" with New Jersey to subject it to suit here. It did not authorize use of the van in New Jersey, has never done business in New Jersey, and only came to New Jersey after the accident to retrieve its stolen van.
*70 The fairness of the maintenance of such a suit requires that there be "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283, 1298 (1958). Defendant did not avail itself of the privilege of conducting activities within New Jersey. The van was stolen and subsequently driven to New Jersey without defendant's knowledge. Defendant's connection with the state must be such that it "should reasonably anticipate being haled into court there." World-Wide Volkswagen, supra, 444 U.S. at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501. Under these circumstances, it would not be reasonable for this Florida contractor to anticipate being brought into court in New Jersey. Also, as previously stated, the foreseeability of being required to defend a suit in New Jersey merely because of the mobility of the van, is not the "foreseeability" intended by World-Wide Volkswagen. It is the foreseeability that defendant's "conduct and connection" with the forum state would subject him to suit there that is important. World-Wide Volkswagen, supra, 444 U.S. at 297, 100 S.Ct. at 567, 62 L.Ed.2d at 501.
The accident in New Jersey, involving defendant's stolen van from Florida, was only a fortuitous circumstance, similar to the circumstance in World-Wide Volkswagen where an automobile was sold in New York and happened to be in an accident in Oklahoma. World-Wide Volkswagen, supra, 444 U.S. at 295, 100 S.Ct. at 566, 62 L.Ed.2d at 500. There, and here, the fortuitous circumstance was not sufficient to provide the requisite "minimum contacts" between the defendant and the forum state. The exercise of jurisdiction by New Jersey cannot constitutionally be sustained as defendant's contacts with New Jersey were insufficient to subject defendant to suit here.
A dismissal for lack of jurisdiction, as opposed to the grant of summary judgment requested by defendant, will not prevent plaintiffs from obtaining effective relief as they may proceed against defendant in Florida. We, therefore, reverse and remand *71 to the Law Division for entry of an order dismissing plaintiff's complaint as to defendant, O.D. Jones Construction Co., for lack of personal jurisdiction.
NOTES
[1] Attempted service under N.J.S.A. 39:7-2 would not change the result herein.