**GREAT WESTERN MINING &
MINERAL COMPANY,**
Appellant

v.

**ADR OPTIONS, INC.; Brownstein
and Vitale, P.C.; Brownstein
Vitale & Weiss, P.C.**

No. 10–3142.

United States Court of Appeals,
Third Circuit.

Argued April 27, 2011.

Filed: June 28, 2011.

Benjamin C. Weiner [Argued], Livingston, NJ, for Appellant Great Western Mining & Mineral Company.

Kerri E. Chewning [Argued], Frank D. Allen, Michael P. Hackett, Archer & Greiner, Haddonfield, NJ, for Appellee ADR Options, Inc.

Candidus K. Dougherty [Argued], Jeffrey B. McCarron, Swartz Campbell, Philadelphia, PA, for Appellees Brownstein Vitale & Weiss, P.C. and Brownstein and Vitale, P.C.

Before: BARRY, HARDIMAN and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

HARDIMAN, Circuit Judge.

Great Western Mining & Mineral Company appeals the District Court's order granting Appellees' motions to dismiss for improper venue. For the following reasons, we will vacate and remand to the District Court for further proceedings.

### I

Because we write for the parties, who are familiar with the facts and procedural history of this case, we summarize them only briefly.

In 1999, Great Western pursued a legal malpractice action against Appellees Brownstein Vitale & Weiss, P.C., and Brownstein & Vitale, P.C. (collectively Brownstein & Vitale) in the Court of Common Pleas of Philadelphia County. The parties agreed to submit the matter to binding arbitration before Tom Rutter (Rutter), an arbitrator with Appellee ADR Options, Inc. (ADR Options). The parties' arbitration agreement stated:

> Each party and participating attorney has disclosed any past or present relationship with the arbitrator, direct or indirect, whether financial, professional, social or any other kind. The arbitrator has also disclosed any past or present relationship with any party or attorney. It is understood that any doubt has been resolved in favor of disclosure.

In September 2003, Rutter entered an arbitration award in favor of Brownstein & Vitale. Great Western then filed a petition to vacate the award in the Court of Common Pleas of Philadelphia County, Pennsylvania, alleging that ADR Options had undisclosed conflicts of interest with defense counsel for Brownstein & Vitale. The court denied the petition to vacate, and Great Western appealed to the Superior Court of Pennsylvania, which affirmed on September 22, 2005.

While the petition to vacate was pending, Great Western filed a series of amended complaints in Pennsylvania state court against ADR Options, Brownstein & Vitale, and Rutter, alleging breach of contract, negligent misrepresentation, fraud, and violations of Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL). The Court of Common Pleas dismissed the actions, and the Supe-

rior Court of Pennsylvania affirmed in May 2007.

In February 2008, Great Western filed a federal action in the District of New Jersey, alleging that certain members of the Pennsylvania state judiciary conspired to issue favorable rulings in exchange for future employment at ADR Options. The District Court dismissed Great Western's complaint for failure to state a claim on March 16, 2009, and denied its motions for reconsideration and leave to amend. In a precedential opinion, we affirmed the District Court's determinations, finding that the complaint failed to plead facts plausibly suggesting a conspiracy. *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159 (3d Cir.2010).

Undeterred by defeats in both federal court and the state courts in Pennsylvania, Great Western sued ADR Options in New Jersey Superior Court for breach of contract, fraud, and violations of the New Jersey Consumer Fraud Act (CFA) on account of alleged overbilling during the 2003 arbitration. That case settled on September 11, 2009, but before it did, Great Western filed this action against ADR Options and Brownstein & Vitale in the District of New Jersey, alleging breach of contract, negligent misrepresentation, fraud, and violations of the CFA and the UTPCPL. In its amended complaint, Great Western alleged that Brownstein & Vitale represented ADR Options in two separate actions in 1997, that it had a duty to disclose this attorney-client relationship pursuant to the arbitration agreement, and that its failure to do so resulted in an unfavorable arbitration award for Great Western.

Appellees moved to dismiss Great Western's amended complaint on the basis of improper venue, lack of subject matter jurisdiction, and failure to state a claim for relief. On April 6, 2010, the District Court granted Appellees' motions to dismiss, finding that venue in the District of New Jersey was improper and that transfer to another venue would not be in the interest of justice. App. at 5a (citing 28 U.S.C. § 1406(a) (providing that when venue is improper, a district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought")). Although the Court chose not to reach the merits, it held that "it is apparent that Great Western is attempting to initiate a new action that has previously been decided at least two or three times on the merits, involving the same parties, events, and legal claims." *Id.* at 6a. In its order denying Great Western's motion for reconsideration, the District Court rejected Great Western's contention that "the Court has been hoodwinked by defendant's clever strategy of misrepresenting the facts," again stating that "it is clear that this litigation had been previously litigated several times." *Id.* at 8a.

Great Western filed this timely appeal, claiming the District Court erred in dismissing its amended complaint for improper venue. Appellees urge us to affirm for numerous reasons, including: (1) venue was improper; (2) the Rooker–Feldman doctrine bars jurisdiction; (3) the claims are barred by res judicata and the entire controversy doctrine; (4) ADR Options is immune from suit; and (5) Great Western fails to state a claim for relief.

## II

### A

■ Appellees claim we have no subject matter jurisdiction over Great Western's appeal because, under the Rooker–Feldman doctrine, we are barred from considering a claim that is "inextricably intertwined" with a state court adjudication.

*Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). We exercise *de novo* review over questions of subject matter jurisdiction, *Pennmont Sec. v. Frucher*, 586 F.3d 242, 245 (3d Cir.2009), and "have an independent obligation to determine whether subject-matter jurisdiction exists," *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).

The Rooker–Feldman doctrine bars a federal claim only if four requirements are satisfied: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western*, 615 F.3d at 166 (quoting *Exxon Mobil*, 544 U.S. at 284, 125 S.Ct. 1517). Here, Great Western does not allege that its injuries were *caused* by the state courts' refusal to vacate Rutter's arbitration award or award it monetary relief. Rather, the gravamen of Great Western's complaint is that Appellees' failure to disclose material information regarding their prior attorney-client relationship caused Great Western to submit to binding arbitration before an allegedly biased arbitrator. Because "the injury complained of in federal court existed prior to the state-court proceedings and thus could not have been caused by' those proceedings," *Great Western*, 615 F.3d at 167, the second and fourth requirements of *Exxon Mobil* have not been satisfied. Thus, the Rooker–Feldman doctrine is no obstacle to our jurisdiction over this appeal.[1]

## B

Turning to the merits, we consider the District Court's finding that venue was improper in New Jersey. We exercise plenary review over the District Court's legal determination, and review its decision to dismiss Great Western's amended complaint for abuse of discretion. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 878 (3d Cir.1995).

In federal diversity suits, venue is proper in any district where: (1) "any defendant resides, if all defendants reside in the same State;" (2) "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated;" or (3) "any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a). For purposes of Section 1391(a)(1), "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." *Id.* § 1391(c). Because improper venue is an affirmative defense, the burden of proving lack of proper venue remains—at all times—with the defendant. *Myers v. Am. Dental Ass'n*, 695 F.2d 716, 724–25 (3d Cir.1982) (comparing jurisdictional questions "concerning the court's power to entertain the action" with "dilatory defenses [such as venue] that do not concern the court's authority to adjudicate," and holding that while the plaintiff bears the burden of proving the former, defendants must plead facts showing the absence of the latter). As such, it is not necessary for the plaintiff

---

1. Appellees assign too much weight to *Exxon Mobil's* use of the phrase "inextricably intertwined." In *Great Western,* we explained that the phrase "inextricably intertwined" "is sim-ply a descriptive label attached to claims that meet the [four] requirements outlined in *Exxon Mobil.*" 615 F.3d at 170 (internal citations and quotation marks omitted).

to include allegations in his complaint showing that venue is proper. *Id.* at 724.

■■■■ In its amended complaint, Great Western alleged that ADR Options and Brownstein & Vitale were corporations "doing business" in the State of New Jersey, so venue was proper under 28 U.S.C. § 1391(a) and (c). *See Wilson v. Paradise Vill. Beach Resort & Spa,* 395 N.J.Super. 520, 528, 929 A.2d 1122 (App.Div.2007) (holding that, under New Jersey law, any party that "maintains minimum contacts with the ... state that are continuous and substantial" will be subject to personal jurisdiction). Brownstein & Vitale argued in its motion to dismiss that venue was improper in New Jersey, because all defendants were citizens of Pennsylvania resident in the Eastern District of Pennsylvania.[2] The law firm failed to acknowledge, however, that a corporation may "reside" in more than one state, *see* 28 U.S.C. § 1404(a) (providing for transfer of a case where both the original and the requested venue are proper), and presented no evidence showing that it was not subject to personal jurisdiction in New Jersey.[3] 28 U.S.C. § 1391(c). Thus, the firm failed to satisfy its burden of showing that venue was improper in the District of New Jersey, and the District Court erred in dismissing Great Western's amended complaint on that basis.

## C

Appellees maintain that even if the District Court's venue determination is erroneous, we should affirm the District Court's order dismissing Great Western's amended complaint on alternative grounds, including claim preclusion, arbitral immunity, and failure to state a claim for relief. *See United States v. Sanchez,* 562 F.3d 275, 279 (3d Cir.2009) (holding that an appellate court may affirm the result reached by a district court on alternative grounds).

Although these arguments may well be meritorious, because "the resolution of [these] issue[s] requires the exercise of discretion or fact finding," we find that "it is inappropriate and unwise" to decide these matters in the first instance. *Norfolk S. Ry. Co. v. Basell USA Inc.,* 512 F.3d 86, 97 (3d Cir.2008) (citation and internal quotation marks omitted); *see K-Land Corp. No. 28 v. Landis Sewerage Auth.,* 173 N.J. 59, 800 A.2d 861, 868 (2002) (recognizing that equitable considerations can relax New Jersey's mandatory-joinder requirements when joinder would be "unfair"); *Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991) (addressing standard for overcoming judicial immunity). Thus, we leave it to the District Court on remand to evaluate the merits of Appellees' alternative defenses.

---

**2.** ADR Options did not raise the venue issue in its motion to dismiss and its failure to do so constituted a forfeiture of that right. *See* FED. R.CIV.P. 12(h); *see also Myers,* 695 F.2d at 721 ("The federal rules single out four defenses which must be raised by the defendant's initial responsive pleading in order to be preserved. Such a rule reflects a strong policy against tardily raising defenses that go not to the merits of the case but to the legal adequacy of the initial steps taken by the plaintiff in his litigation."). Where a defendant fails to timely object to venue, "it is inappropriate for the trial court to dispose of the case *sua sponte.*" *Sinwell v. Shapp,* 536 F.2d 15, 19

(3d Cir.1976). However, because Brownstein & Vitale objected to venue and Great Western had adequate opportunity to respond, the District Court did not err in considering the issue.

**3.** Based on the limited record before us, it appears that corporate Appellee Brownstein & Vitale has strong ties to the District of New Jersey. These contacts include: membership in the New Jersey State Bar, a substantial caseload in New Jersey courts, and an office in Cherry Hill, New Jersey.

For the reasons stated, we will vacate the order of the District Court and remand for further proceedings consistent with this opinion.