**GREAT WESTERN MINING &
MINERAL COMPANY**

v.

**ADR OPTIONS, INC.; Brownstein and
Vitale, P.C.; Brownstein, Vitale &
Weiss, P.C. Great Western Mining &
Mineral Company and Benjamin C.
Weiner, Appellants.**

No. 12–1685.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit
LAR 34.1(a) on July 19, 2013.

Opinion Filed: Aug. 8, 2013.

Benjamin C. Weiner, Esq. Livingston, NJ, for Great Western Mining & Mineral Company.

Kerri E. Chewning, Esq., Archer & Greiner, Haddonfield, NJ, Candidus K. Dougherty, Esq., Jeffrey B. McCarron, Esq., Swartz Campbell, Philadelphia, PA, for ADR Options, Inc.; Brownstein and Vitale, P.C.; Brownstein, Vitale & Weiss, P.C. Great Western Mining & Mineral Company and Benjamin C. Weiner.

Before: RENDELL, SMITH and ROTH, Circuit Judges.

## OPINION

RENDELL, Circuit Judge:

Plaintiff Great Western Mining & Mineral Company appeals the District Court's order denying its motion to change venue and its motion for leave to amend and granting Defendants' cross-motions for sanctions and Defendants' motions to dismiss. For the reasons discussed below, we will affirm.

### I.

The "tortured procedural history" of this case is well-known. (J.A. 6.) In 2002, Plaintiff[1] and Brownstein and Vitale ("B & V") agreed to arbitrate a legal malpractice claim that Plaintiff had asserted against B & V (the "Arbitration"). Fox Rothschild, L.L.P. represented B & V; ADR Options, Inc. provided the arbitration services; and Thomas Rutter served as the arbitrator. On the first day of the Arbitration, the parties executed a stipulation that stated that the parties, participating attorneys, and arbitrator had disclosed all conflicts of interest. In 2003, Rutter ruled in favor of B & V. Since then, Plaintiff has filed at least seven lawsuits protesting the validity of Rutter's decision.

The fifth of these actions is currently before us. In 2009, Plaintiff filed suit against B & V and ADR Options, alleging that they violated the stipulation by failing to disclose that (1) B & V had previously represented ADR Options; (2) Rutter had been consulted about hiring B & V; and (3) B & V had previously arbitrated disputes in front of Rutter. B & V moved to dismiss, contending that venue in New Jersey was improper and that the case should have been brought in Pennsylvania or the Eastern District of Pennsylvania. The District Court agreed and dismissed the case. Plaintiff appealed to this Court, and we remanded, reasoning that B & V had not satisfied its burden of showing improper venue. We also noted that "[b]ased on the limited record before us, it appears that corporate Appellee Brownstein & Vitale has strong ties to the District of New Jersey. These contacts include: membership in the New Jersey State Bar, a substantial caseload in New Jersey courts, and an office in Cherry Hill, New Jersey." *Great W. Mining & Mineral Co. v. ADR Options, Inc.*, 434 Fed. Appx. 83, 87 n. 3 (3d Cir. June 28, 2011). After we remanded the case back to the District of New Jersey, Plaintiff filed a

---

1. Active Entertainment Inc. initiated the malpractice action against Brownstein and Vitale. Great Western became the assignee of Active's interest after the Arbitration. In March 2011, Benjamin C. Weiner, the attorney for Great Western, became the assignee of Great Western.

motion to change venue to the Eastern District of Pennsylvania. In response to Plaintiff's motion, Defendants filed separate cross-motions for sanctions under 28 U.S.C. § 1927. Defendants also moved to dismiss the action. While the motion to dismiss was pending, Plaintiff filed a motion to amend its complaint to add additional examples of when B & V represented ADR Options.

The District Court denied Plaintiff's motion to change venue and granted Defendants' cross-motions for sanctions. The District Court reasoned that Plaintiff presented no grounds for transferring the action other than the concerns that the District Court had expressed in holding that venue in New Jersey was improper. The District Court noted that these concerns did not represent "changed circumstances" and that in any event, they had "little merit", as this Court had vacated the District Court's order dismissing this case for improper venue. (J.A. 18.)

The District Court granted Defendants' motion to dismiss on preclusion grounds. First, the District Court held that Plaintiff was collaterally estopped from asserting claims based on the alleged improper relationship between ADR Options and B & V because this Court had already considered those allegations in the third action that Plaintiff brought challenging the validity of the Arbitration. *See Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 179 n. 9 (3d Cir.2010). Second, the District Court held that even if Plaintiff was not collaterally estopped because it only asserted a section 1983 claim in the third action, its claims were still barred under the doctrine of res judicata, as Plaintiff could have asserted the claims that it asserts here in that action. Third, the District Court held that this action is barred under the New Jersey entire controversy doctrine because Plaintiff should have asserted the claims he raises in this

action in his fourth lawsuit, which he filed in New Jersey state court.

The District Court denied Plaintiff's motion for leave to amend, reasoning that Plaintiff's amended complaint was barred by the doctrine of res judiciata. Plaintiff now appeals.

## II.

The District Court had jurisdiction under 28 U.S.C. § 1332(a). We have jurisdiction under 28 U.S.C. § 1291. We review a district court's imposition of sanctions under 28 U.S.C. § 1927 for abuse of discretion. *See Zuk v. E. Pa. Psychiatric Inst. of the Med. Coll. of Pa.*, 103 F.3d 294, 297 (3d Cir.1996). We review a district court's application of res judicata de novo. *Elkadrawy v. Vanguard Grp., Inc.*, 584 F.3d 169, 172 (3d Cir.2009).

## III.

### A. Sanctions

■ We conclude that the District Court did not abuse its discretion in imposing sanctions on Mr. Weiner for filing a motion to transfer this case from the District of New Jersey to the Eastern District of Pennsylvania. A court may impose sanctions under section 1927, if it concludes that an attorney, in bad faith, "unreasonably and vexatiously" multiplied the proceedings. 28 U.S.C. § 1927; *Williams v. Giant Eagle Mkts., Inc.*, 883 F.2d 1184, 1191 (3d Cir.1989).

Plaintiff contends that he filed the motion to transfer because he was "swayed" by the District Court's opinion that venue in New Jersey was improper. (Brief of Appellee at 66.) The District Court's analysis was no less applicable when Plaintiff filed his complaint in the District of New Jersey or when Defendants objected that venue in the District of New Jersey was improper. Thus, if Plaintiff agreed that the "public and private factors", *id.*, fa-

vored the Eastern District of Pennsylvania, he should have filed this case in the Eastern District of Pennsylvania or refiled it there when Defendants objected to venue in New Jersey. Plaintiff instead chose to multiply the proceedings by appealing the District Court's order that venue in New Jersey was improper to this Court, and then after prevailing, filing a motion to transfer venue. Unfortunately, this strategy does not seem out of the ordinary for Plaintiff, who, in the past ten years, has filed at least seven lawsuits in four different courts, regarding an arbitration that was concluded in 2003. As such, we will not disturb the District Court's conclusion that Plaintiff, in bad faith, "unreasonably and vexatiously" multiplied the proceedings, and, thus will affirm the District Court's imposition of sanctions.

### B. Motion to Dismiss & Motion for Leave to Amend

We conclude that the District Court did not err in granting Defendants' motions to dismiss and in denying Plaintiff's motion for leave to amend. Res judicata is an affirmative defense. In order to succeed on the defense, a defendant must show that there has been "(1) a final judgment on the merits in a prior suit involving; (2) the same parties or their privies; and (3) a subsequent suit based on the same causes of action." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 260 (3d Cir. 2010) (internal citation and quotation marks omitted). "Res judicata bars not only claims that were brought in the previous action, but also claims that could have been brought." *Elkadrawy*, 584 F.3d at 173 (internal citation and quotation marks omitted).

The New Jersey entire controversy doctrine stands for the principle that "the adjudication of a legal controversy should occur in one litigation in only one court; accordingly all parties involved in a litigation should at the very least present in that proceeding all their claims and defenses that are related to the underlying controversy." *Rycoline Prods., Inc. v. C & W Unlimited,* 109 F.3d 883, 885 (3d Cir.1997) (internal citation and quotation marks omitted). The doctrine requires a plaintiff "to bring in one action all affirmative claims that [it] might have against another party, including counterclaims and cross-claims, and to join in that action all parties with a material interest in the controversy, or be forever barred from bringing a subsequent action involving the same underlying facts." *Id.* (internal citation and quotation marks omitted).

We have reviewed the parties' arguments, the record, and the applicable law, and will affirm the District Court's order dismissing the case and denying Plaintiff's motion for leave to amend for the reasons stated in the District Court's thorough and well-reasoned opinion. Although we will not repeat the District Court's analysis here, we will repeat its admonishment of Plaintiff:

> Plaintiff and Plaintiff's counsel ... must face the fact that 'enough is enough.' They have plagued numerous courts with the same or similar allegations for more than a decade. It is staggering to consider the resources expended by various parties, judges, and judicial venues that have all come to the same conclusion. Plaintiff and Mr. Weiner have to face the music and finally put an end to their unrelenting pursuit of Defendants related to an arbitration conducted years ago.

(J.A. 32.)

### IV.

For the reasons discussed above, we will affirm the order of the District Court.