**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2817
_____

ARIEL BAREL, Sui juris,
Appellant

v.

GREEN TREE SERVICING, LLC,
a/k/a DITECH FINANCIAL, LLC;
DOES 1-100

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-16-cv-08880)
District Judge:  Honorable Susan D. Wigenton

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 7, 2018
Before:  VANASKIE, COWEN and NYGAARD, Circuit Judges

(Opinion filed: May 8, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Ariel Barel appeals an order of the United States District Court for the District of New Jersey granting Green Tree Servicing, LLC's motion to dismiss his complaint pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"). For the reasons that follow, we will affirm the judgment of the District Court.[1]

On March 8, 2006, Ariel Barel and his wife Karen executed a mortgage on real property in New Jersey to secure a promissory note in the amount of $255,000 for a loan from Atlantic Stewardship Bank, its successors, and/or assigns. On November 26, 2014, Green Tree, an assignee of the mortgage, filed a foreclosure action against Barel and his wife in New Jersey state court.

On November 30, 2016, while the foreclosure action was pending, Barel filed a complaint against Green Tree in District Court. Barel alleged that he sent a notice of rescission to Green Tree on April 6, 2015 rescinding the mortgage and note under TILA. He averred that he sent the notice after he learned that Atlantic Stewardship Bank was not the lender on the mortgage and note and that it had not consummated the loan. Barel sought, among other things, to enforce rescission obligations under TILA and require Green Tree to return the note marked cancelled, file a satisfaction of mortgage, and return all monies he had paid on the loan.

Green Tree moved to dismiss the complaint on numerous grounds pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The District Court granted the

---

[1]Green Tree states that its proper name is Green Tree Servicing, LLC now known as Ditech Financial, LLC.

motion.  The District Court did not rule that it lacked subject matter jurisdiction, but held that Barel's claims are barred by New Jersey's Entire Controversy Doctrine and the Younger v. Harris, 401 U.S. 37 (1971), abstention doctrine.  The District Court also ruled that, even if not barred, Barel's claims for monetary damages and/or rescission under TILA are untimely.  This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Our standard of review is plenary.  See Hamilton v. Bromley, 862 F.3d 329, 333 (3d Cir. 2017) (Younger abstention); Ricketti v. Barry, 775 F.3d 611, 613 (3d Cir. 2015) (Entire Controversy Doctrine); Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 163 (3d Cir. 2010) (Rule 12(b)(6) dismissal).

We agree with the District Court to the extent it held that Barel fails to state a claim under TILA for return of the note, the filing of a satisfaction of mortgage, the return of monies paid on the loan, and other relief because his notice of rescission was untimely.[2]  TILA grants borrowers the right to rescind a loan for three days following the consummation of the transaction or the delivery of the disclosures required by the Act, whichever is later.  15 U.S.C. § 1635(a); Jesinoski v. Countrywide Home Loans, Inc., 135 S. Ct. 790, 792 (2015).  This right expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first," even if a lender never makes the required disclosures.  Id. § 1635(f); Jesinoski, 135 S. Ct. at 792.  See

---

[2]Barel has clarified that his complaint does not seek money damages, see Reply Br. at 5, and we thus do not consider the District Court's timeliness ruling in this regard.

3

also Beach v. Ocwen Fed. Bank, 523 U.S. 410, 412 (1998) (holding "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period").

Barel sent Green Tree a rescission notice long after the three-year period and his right to rescind had expired. Barel alleges in his complaint that his claims arise out of a refinance of a mortgage between himself and Atlantic Stewardship Bank on March 8, 2006 and that he sent Green Tree a notice of rescission on April 6, 2015, more than nine years later. Green Tree submitted a copy of the mortgage, which reflects that it was executed on March 8, 2006.

Barel asserts that the mortgage was never consummated and that the three-year time period did not begin to run because he did not receive funds from Atlantic Stewardship Bank. This argument lacks merit. The transaction was consummated when Barel became contractually obligated on the loan. See 12 C.F.R. § 1026.2(13) (defining "consummation"). State law governs this question, Grimes v. New Century Mortg. Corp., 340 F.3d 1007, 1009 (9th Cir. 2003), and under New Jersey law, an enforceable contract is created when parties agree on essential terms and manifest an intention to be bound. Gamble v. Connolly, 943 A.2d 202, 208 (N.J. Super. Ct. Civ. Div. 2007).

Barel signed the mortgage and made loan payments. He seeks the return of monies paid in a sum of not less than $125,000. To the extent the loan was funded by another entity, the mortgage reflects that the lender was Atlantic Stewardship Bank, its successors, and/or assigns. Barel does not contend that the source of the funds was

4

material to the transaction.  In addition, if the mortgage was not consummated as Barel

claims, it is not clear what he sought to rescind under TILA.

Barel also argues that Green Tree may not raise a timeliness defense because it did

not respond to his notice of rescission within the twenty-day time period in 15 U.S.C.

§ 1635(b).  Section 1635(b) requires a creditor to return any money or property and take

other action within 20 days after receipt of a notice of rescission.  15 U.S.C. § 1635(b).

The provision does not preclude Green Tree from defending Barel's action.  Barel also

relies on Jesinoski, but the Supreme Court held there that a borrower exercising his right

to rescind need only provide notice to his lender within the three-year period, not file suit.

135 S. Ct. at 791-92.  Barel did not give timely notice.  Barel also asserts that the three-

year time period should be equitably tolled, but equitable tolling does not apply.  See In

re Cmty. Bank of N. Va., 622 F.3d 275, 301 n.18 (3d Cir. 2010) (three-year time period is

a statute of repose).

To the extent Barel argues that the District Court erred in entertaining Green

Tree's argument on a Rule 12(b)(6) motion or in considering documents other than his

complaint, a timeliness defense may be raised under Rule 12(b)(6) where, as here, the

time-bar is apparent on the face of the complaint.  See Schmidt v. Skolas, 770 F.3d 241,

249 (3d Cir. 2014) (involving statute of limitations).  The District Court could also

consider the loan documents submitted by Green Tree because Barel's claim is based on

them.  Id.  Barel also contends that he should have been afforded an opportunity to amend his complaint, but leave to amend was not required because it would have been futile.[3]

Accordingly, we will affirm the judgment of the District Court.

---

[3]Because the District Court properly dismissed the complaint based on the untimely notice of rescission, we need not address the District Court's other reasons for dismissal. We note only that Barel correctly states that the District Court did not apply Sprint Communications, Inc. v. Jacobs, 571 U.S. 69 (2013), in ruling that Younger abstention barred his claims, and that there has been no showing on appeal that abstention was required under Sprint, which sets forth the proper test.  Hamilton, 862 F.3d at 337.