**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2010
_____

MARVIN HOWARD;
PAMELA HOWARD,
                              Appellants

v.

WELLS FARGO BANK, N.A.
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 2-23-cv-02900)
District Judge: Honorable Michael E. Farbiarz
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 18, 2024

Before: BIBAS, FREEMAN, and NYGAARD, Circuit Judges

(Opinion filed: November 26, 2024)
_____

PER CURIAM

Marvin and Pamela Howard appeal pro se from the District Court's May 8, 2024, order dismissing their complaint. We will affirm.

I.

The Howards' complaint alleged that they carried a mortgage on a New Jersey property that they purchased in 2005. The mortgage was later assigned to the Appellee, Wells Fargo Bank, N.A. (the "Bank"). In November 2017, the Bank initiated a foreclosure action in the Superior Court of New Jersey, Chancery Division, Essex County, Docket No. F-025273-17. In September 2018, that court entered a default judgment in favor of the Bank, and the property was later sold in a sheriff's sale. The Howards' subsequent attempts to vacate the sale in state court were unsuccessful. *See Wells Fargo Bank, N.A. v. Howard*, No. A-0658-19T3, 2021 WL 203184, at \*2 (N.J. Super. Ct. App. Div. Jan. 21, 2021); *see also Howard v. Wells Fargo Bank, N.A.*, No. A-4023-19, 2021 WL 4073608, at \*3 (N.J. Super. Ct. App. Div. Sept. 8, 2021) (concluding that the claims in that proceeding were "germane to the foreclosure case and could have been raised" previously).

The Howards initiated this federal action in the District Court in May 2023. They brought claims against the Bank for wrongful foreclosure, violations of their civil rights

---

\* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

based on the foreclosure, tort claims stemming from the foreclosure, and related claims that the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617, was violated by the foreclosure. The Bank filed a motion to dismiss on the grounds that the claims were barred by various preclusion doctrines, including the *Rooker-Feldman* doctrine. The District Court granted the motion and dismissed the complaint, concluding that the Howards' claims were barred by New Jersey's preclusion doctrine. This timely appeal ensued.

## II.

We have jurisdiction under 28 U.S.C. § 1291. *See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 225 (3d Cir. 2007). We exercise plenary review over the District Court's dismissal here. *See Smith & Wesson Brands, Inc. v. Att'y Gen.*, 105 F.4th 67, 72 (3d Cir. 2024); *see also Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021).

## III.

"Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (cleaned up). "We have described the entire controversy doctrine as New Jersey's specific, and idiosyncratic, application of traditional res judicata principles." *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015) (cleaned up). The entire controversy doctrine "applies in federal courts when there was a previous state-court action involving the same transaction." *Id.* (quotation marks and citation omitted). "Under the entire controversy doctrine, a party cannot withhold part of a

3

controversy for later litigation even when the withheld component is a separate and inde-pendently cognizable cause of action." *Mullarkey*, 536 F.3d at 229. The entire controversy doctrine is applicable to "'germane' counterclaims" that "aris[e] out of the mortgage trans-action." *Id.*; *see also Delacruz v. Alfieri*, 145 A.3d 695, 701 (N.J. Super. Ct. Law Div. 2015) (describing germane claims as those that "could have been brought in the foreclosure action").

Here, the District Court properly concluded that the Howards' claims are barred by New Jersey's preclusion doctrine. On appeal, the Howards challenge three aspects of that ruling. None of their challenges has merit.

First, the Howards argue that the District Court erred in applying the *Rooker-Feld-man* doctrine. *See* Appellants' Br. at 4–5. But that argument is irrelevant, as the District Court explicitly stated that, given its ruling on the claim preclusion grounds for dismissal, "there is no need to reach the *Rooker-Feldman* issue." ECF 9 at 3 n.4. We agree. *See Hoff-man v. Nordic Nats., Inc.*, 837 F.3d 272, 277 (3d Cir. 2016) (concluding that a district court was permitted to "'bypass' the jurisdictional inquiry in favor of a non-merits dismissal on claim preclusion grounds").

Second, the Howards argue that their federal claims could not have been brought in the state foreclosure proceeding. *See* Appellants' Br. at 5–6. But, because each of the How-ards' federal claims ultimately relates to "the validity of the mortgage, the amount due, or the right of [the mortgagee] to foreclose," *Delacruz*, 145 A.3d at 708, we agree with the District Court's determination that those claims could have been raised in the foreclosure proceedings. *See* ECF 9 at 11–13 (District Court's opinion collecting cases, including cases

4

involving RESPA counterclaims brought in New Jersey foreclosure proceedings). Thus, the claims are barred here. *See Delacruz*, 145 A.3d at 708.

Finally, the Howards argue that a default judgment is not a judgment "on the merits" for purposes of claim preclusion. Appellants' Br. at 6–7. Absent any more specific allegation or argument that might call into question the preclusive effect of the default judgment here,[1] we conclude that the Howards' argument is meritless. *See Mori v. Hartz Mountain Dev. Corp.*, 472 A.2d 150, 155 (N.J. Super. Ct. App. Div. 1983) (determining that New Jersey's preclusion doctrine may be invoked "notwithstanding that a default judgment has been entered"); *see also Morris v. Jones*, 329 U.S. 545, 550–51 (1947) (holding that a default judgment generally constitutes a decision on the merits for res judicata purposes).

Accordingly, we will affirm.

---

[1] *See generally Smith & Wesson*, 105 F.4th at 80.