**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-3115
_____

CHRYSSOULA ARSENIS,
                              Appellant

v.

M&T BANK, s/b/m Hudson City Savings Bank

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 3:23-cv-02601)
District Judge: Honorable Michael A. Shipp

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 24, 2026

Before: BIBAS, CHUNG, and BOVE, *Circuit Judges*

(Opinion filed: June 24, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Chryssoula Arsenis, proceeding pro se, appeals from the District Court's order dismissing her complaint with prejudice. For the following reasons, we will affirm.

In May 2023, Arsenis filed a complaint in the District Court for the District of New Jersey against M&T Bank s/b/m Hudson City Savings Bank ("M&T") for violations of the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), 15 U.S.C. §§ 9001-9141, the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. The claims stem from a $795,000 mortgage loan that Arsenis obtained from M&T. Arsenis argues that M&T violated all three Acts when it declared her in default, declined to convert a loan modification Trial Period Plan ("TPP") into a permanent modification of the loan, and initiated foreclosure proceedings.

When this action was initiated, the property securing the loan was the subject of foreclosure proceedings in New Jersey Superior Court.[1] M&T moved to dismiss the complaint, and the District Court granted the motion pursuant to the *Colorado River* abstention doctrine. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S.

---

[1] Arsenis unsuccessfully attempted to remove the foreclosure proceedings to federal court multiple times. We affirmed the remands to state court. *See M&T Bank v. Arsenis*, No. 23-2324, 2024 WL 1171081 (3d Cir. Mar. 19, 2024) (per curiam) (summarily affirming remand to state court); *M&T Bank v. Arsenis*, No. 24-1723, 2025 WL 1409479 (3d Cir. May 15, 2025) (per curiam) (same).

800, 817-18 (1976). Arsenis appealed. While the appeal was pending, the Superior Court entered an order granting summary judgment in favor of M&T, and this Court ordered supplemental briefing from the parties on the issue of claim preclusion. We ultimately concluded that abstention was not warranted, vacated the District Court's order of dismissal, and remanded for further proceedings. *See Arsenis v. M&T Bank*, No. 24-1151, 2025 WL 88838, at *1 (3d Cir. Jan. 14, 2025) (per curiam). In remanding the matter, we specifically declined to address in the first instance any preclusive effects from the state court judgment. Instead, we left the issue "to the District Court to address on remand." *Id.*, at *3.

Upon the reopening of proceedings after remand, the District Court granted M&T's motion to submit supplemental briefing on the issue of res judicata. M&T filed a supplemental brief, to which Arsenis filed a response.[2] She also filed various motions. After concluding that Arsenis's claims were barred by res judicata, the District Court granted the motion to dismiss and denied Arsenis's pending motions as moot. Arsenis timely appealed.

---

[2] Arsenis filed a petition for a writ of mandamus under 28 U.S.C. § 1651 requesting that this Court vacate the order granting supplemental briefing because of the "Third Circuit's explicit holding that res judicata was not warranted." *In re Arsenis*, No. 25-1365, 2025 WL 1166145, at *1 (3d Cir. Apr. 22, 2025) (per curiam) (denying petition for writ of mandamus). Her appellate briefing argues the same. As noted above, we made no such holding.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal. *See Smith & Wesson Brands, Inc. v. Att'y Gen.*, 105 F.4th 67, 72 (3d Cir. 2024). Because Arsenis is proceeding pro se, we construe her filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam).

We agree with the District Court that Arsenis's claims are barred by res judicata. "Both New Jersey and federal law apply res judicata or claim preclusion when three circumstances are present: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *In re Mullarkey*, 536 F.3d 215, 225 (3d Cir. 2008) (citation modified). In determining whether two suits are based on the same cause of action, we take a "broad view" and evaluate whether there is "essential similarity of the underlying events giving rise to the various legal claims." *Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 261 (3d Cir. 2010).

All three requirements of res judicata are satisfied here. First, the parties in this case are the same as those in the foreclosure case.[3] Second, the Superior Court's grant of summary judgment in favor of M&T is a final judgment on the merits. *See Papera v. Pa. Quarried Bluestone Co.*, 948 F.3d 607, 610 (3d Cir. 2020). Third, Arsenis's current suit

---

[3] Arsenis appears to raise some form of a privity argument in her opening brief. However, this argument fails as the parties are the same.

4

arises from the same cause of action as the foreclosure case because both actions arise from the same underlying series of events: the mortgage loan, the alleged default, the TPP, the denial of a permanent loan modification, and the ensuing foreclosure proceedings. *See Duhaney v. Att'y Gen.*, 621 F.3d 340, 348 (3d Cir. 2010) (discussing factors relevant to determining the same cause of action for res judicata purposes, including "whether the acts complained of [are] the same"); *see also McNeil v. Legis. Apportionment Comm'n of State of N.J.*, 828 A.2d 840, 859 (N.J. 2003) ("Causes of action are deemed part of a single claim if they arise out of the same transaction or occurrence." (citation modified)).

On appeal, Arsenis argues that the state court judgment cannot be preclusive because the state and federal proceedings concern distinct claims. She is mistaken. To the extent there is a difference between the claims in the two actions, Arsenis's claims are barred by the entire controversy doctrine—New Jersey's "specific, and idiosyncratic, application of traditional res judicata principles"—which "applies in federal courts when there was a previous state-court action involving the same transaction." *Ricketti v. Barry*, 775 F.3d 611, 613 (3d Cir. 2015) (citation modified). Under that doctrine, claims "germane" to a foreclosure action must be raised in the foreclosure proceeding itself. *See Mullarkey*, 536 F.3d at 229 (explaining "germane" claims "aris[e] out of the mortgage transaction").

5

Here, Arsenis's claims are plainly germane to the foreclosure action. They are premised on the argument that M&T wrongfully denied a loan modification and violated the CARES Act, and she challenges M&T's conduct during the foreclosure process. She even seeks, in part, a declaration from the District Court that M&T "breached" the alleged loan modification plan. *See* ECF 1 at 11. These claims ultimately "[go] to the validity of the mortgage, the amount due, or the right of [the mortgagee] to foreclose[,]" and thus "had to be raised in the foreclosure proceeding." *Delacruz v. Alfieri*, 145 A.3d 695, 708 (N.J. Super. Ct. App. Div. 2015). Indeed, in the foreclosure case, Arsenis asserted defenses and counterclaims for violations of the CARES Act, and challenged, inter alia, M&T's conduct and the allegedly wrongful denial of a loan modification. Moreover, she "reserve[d] the right to assert other claims, including" claims that may arise under RESPA or FDCPA. *See* ECF 12-6 at 14.[4] Contrary to Arsenis's belief, it is "not dispositive" whether she "asserts a different theory of recovery or seeks different relief in the two actions." *See Sheridan*, 609 F.3d at 261. Because she did not pursue these available claims in state court, they are barred.

Arsenis argues that the District Court erred in determining that she "could have raised" her claims in state court because her claims are "grounded in a materially

---

[4] Arsenis contends that she "expressly reserved the right to pursue federal statutory claims . . . in a separate action." She is incorrect. These claims were not reserved for a subsequent action, but for later filings in the foreclosure action, such as in response to M&T Bank's motion for summary judgment.

different and later-developed nucleus of facts, including post-judgment events arising from the bankruptcy process." C.A. Doc. 13 at 29. Not so. The claims raised in Arsenis's complaint are *entirely* based on the alleged forbearance, TPP, denial of a loan modification, and default. In fact, Arsenis did not discuss the bankruptcy proceedings at all in her filings in the District Court.

Given the foregoing reasons, the District Court did not err in concluding that granting Arsenis leave to amend would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). And, because dismissal was appropriate under the circumstances, Arsenis's other challenges to the District Court's rulings on her miscellaneous motions are unavailing.

Accordingly, we will affirm the judgment of the District Court.