NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1373-18T2

HENRY PULLEN, as Executor of
the ESTATE OF JEANNE PULLEN,
deceased, and individually,

      Plaintiffs-Appellants,

v.

DR. AUBREY C. GALLOWAY,
LOUIS STEIN, ROBERT M.
APPLEBAUM, EDWIN BLUMBERG,
MARK S. LIFSHITZ, and NEW YORK
UNIVERSITY MEDICAL CENTER,

      Defendants-Respondents.

_____

<table>
<tr><td>APPROVED FOR PUBLICATION<br><br>December 9, 2019<br><br>APPELLATE DIVISION</td></tr>
</table>

Argued October 16, 2019 – Decided December 9, 2019

Before Judges Fisher, Accurso and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1768-18.

Kenneth Wesley Thomas argued the cause for appellants (Lanza Law Firm, LLP, attorneys; Kenneth Wesley Thomas, of counsel and on the briefs).

Walter F. Kawalec, III argued the cause for respondents Dr. Aubrey C. Galloway, Louis Stein, Robert M. Applebaum, Mark S. Lifshitz, and New York University Medical Center (Marshall Dennehey Warner

Coleman & Goggin, attorneys; Walter F. Kawalec, III, and Julia A. Klubenspies, on the brief).

The opinion of the court was delivered by

GILSON, J.A.D.

In this medical malpractice action, plaintiff appeals from an order dismissing with prejudice his complaint for lack of personal jurisdiction over a New York licensed doctor who provided medical treatment at a New York hospital. We affirm the dismissal of the complaint for lack of personal jurisdiction, but remand with instructions that the complaint be dismissed without prejudice.

## I.

We take the facts from the record developed on the motion to dismiss and view those facts in the light most favorable to plaintiff. On March 29, 2016, Jeanne Pullen (the deceased) underwent surgery to replace her aortic valve. The surgery was performed by Dr. Aubrey Galloway at New York University Langone Medical Center (NYU Medical Center). Dr. Robert Applebaum also provided care to the decedent while she was at NYU Medical Center.

Dr. Galloway and Dr. Applebaum are physicians licensed to practice medicine in New York. They also both live in New York. Decedent was a New Jersey resident who was referred to Dr. Galloway by her New Jersey licensed

doctor, Dr. Edwin Blumberg. It is undisputed that Dr. Galloway and Dr. Appelbaum treated decedent only in New York and did not provide any care to her in New Jersey.

Decedent was discharged from NYU Medical Center on April 5, 2016. She died nine days later on April 14, 2016, after she developed blood clots.

On March 23, 2018, plaintiff Henry Pullen filed a complaint in the Law Division alleging malpractice against Dr. Galloway, Dr. Applebaum, Dr. Louis Stein, Dr. Mark Lifshitz, Dr. Edwin Blumberg, and NYU Medical Center. Plaintiff, who is the widower of the decedent and the executor of her estate, asserted claims of wrongful death and survivor claims of pain and suffering. Thereafter, plaintiff dismissed with prejudice his complaints against Dr. Stein, Dr. Lifshitz, and Dr. Blumberg.

Dr. Galloway filed an answer on May 1, 2018, and asserted, as an affirmative defense, that he was not subject to personal jurisdiction in New Jersey. Dr. Applebaum served his answer on July 27, 2018. Like Dr. Galloway, Dr. Applebaum asserted that he was not subject to personal jurisdiction in New Jersey.

In the meantime, in May 2018, plaintiff served an affidavit of merit concerning the treatment provided by Dr. Galloway. Dr. Galloway challenged

the credentials of the physician who prepared the affidavit of merit, contending that he did not have the appropriate qualifications. In response, plaintiff filed a motion seeking a court order that the original affidavit of merit was valid and appropriate. In June 2018, the trial court denied plaintiff's motion finding that the physician who served the original affidavit of merit was not qualified. Thereafter, on August 24, 2018, plaintiff served a second affidavit of merit.

On September 24, 2018, Dr. Galloway, Dr. Applebaum, and NYU Medical Center filed a motion to dismiss plaintiff's complaints against them for lack of personal jurisdiction. Both doctors certified that they lived in New York, they were licensed to practice medicine in New York, and that they never lived or practiced medicine in New Jersey. Both doctors also certified that they never treated decedent in New Jersey, they were not affiliated with any hospitals in New Jersey in 2016, and they did not solicit or otherwise contact decedent, plaintiff, or any other New Jersey residents for the purpose of rendering medical treatment.

Dr. Galloway also explained that he had been licensed to practice medicine in New Jersey between June 2004 and June 2009. He certified that he had obtained that New Jersey license because NYU Medical School had an arrangement with AtlanticCare Regional Medical Center in Atlantic City, New

Jersey, but he never examined patients in New Jersey and he did not travel to New Jersey to care for any patients.

In opposition to defendants' motion, plaintiff argued that Dr. Galloway waived his personal jurisdiction defense by failing to file a timely motion to dismiss. Plaintiff also argued that Dr. Galloway had sufficient contacts with New Jersey to establish personal jurisdiction. In that regard, plaintiff filed a certification claiming that Dr. Blumberg, the New Jersey cardiologist who had treated decedent, had a "personal relationship/friendship" with Dr. Galloway. Plaintiff also asserted that Dr. Galloway advertised his services to solicit business through commercials on local television stations. Finally, plaintiff certified that Dr. Galloway advertised his services via the internet to solicit business. To support that claim, plaintiff attached copies of an NYU internet posting and a print-out of a YouTube video uploaded by NYU Medical Center on August 31, 2017.

On October 26, 2018, the trial court heard oral argument and, on that same day, it entered an order granting the motion to dismiss plaintiff's complaint with prejudice. The court also issued a written statement of reasons.

The trial court rejected plaintiff's waiver argument, pointing out that it had the authority to extend the deadline for filing a motion to dismiss. The court

then ruled that there was insufficient evidence to establish personal jurisdiction over the defendants. With regard to plaintiff's contentions about Dr. Galloway's advertising, the trial court found that those general contentions, which did not establish any direct contact with decedent, were too vague to establish personal jurisdiction over Dr. Galloway.

## II.

On appeal, plaintiff makes two arguments. First, he contends that Dr. Galloway waived his personal jurisdiction defense by failing to file a timely motion within ninety days of filing his answer. Second, plaintiff argues that New Jersey courts have personal jurisdiction over Dr. Galloway. We are not persuaded by either argument.

Initially, we note that on this appeal plaintiff has focused all of his arguments on the dismissal of his claims against Dr. Galloway. Plaintiff concedes that Dr. Applebaum filed his motion to dismiss within ninety days of filing an answer. Moreover, plaintiff made no arguments concerning personal jurisdiction over Dr. Applebaum or NYU Medical Center. Indeed, at oral argument before us, plaintiff's counsel conceded that NYU Medical Center would only be vicariously liable for the alleged malpractice of Dr. Galloway. Thus, we deem plaintiff to have abandoned any appeal of the order dismissing

6

Dr. Applebaum or NYU Medical Center. See N.J. Dep't of Envtl. Prot. v. Alloway Twp., 438 N.J. Super. 501, 505 n.2 (App. Div. 2015) (holding that an issue that is not briefed is deemed waived upon appeal); Fantis Foods, Inc. v. N. River Ins. Co., 332 N.J. Super. 250, 266-67 (App. Div. 2000).

A.    The Waiver Issue

Rule 4:6-2(b) requires the defense of lack of personal jurisdiction to be asserted in a defendant's answer.  Rule 4:6-3 then requires that a motion to dismiss based on the lack of personal jurisdiction "shall be raised by motion within 90 days after service of the answer . . . ."  Rule 4:6-7 goes on to state that the defense of personal jurisdiction is "waived if not raised by motion pursuant to R. 4:6-3 . . . ."  Nevertheless, all those rules are subject to Rule 1:1-2, which states that the trial court can relax or dispense with any rule "if adherence to it would result in an injustice."  See also R. 1:3-4(a) (allowing a court to enlarge the time for taking an action).

Dr. Galloway expressly asserted the defense of lack of personal jurisdiction in his answer filed on May 1, 2018.  Thereafter, the parties disputed the validity of plaintiff's first affidavit of merit as it related to Dr. Galloway. That issue was not resolved until plaintiff filed a new affidavit of merit on August 24, 2018.  Dr. Galloway, together with Dr. Applebaum and NYU

Medical Center, then moved to dismiss for lack of personal jurisdiction on September 24, 2018.

Between May 1, 2018, and September 24, 2018, Dr. Galloway took no action that would constitute a waiver of his defense of personal jurisdiction. To the contrary, he disputed plaintiff's first affidavit of merit, which went to the very question of whether plaintiff had a valid claim against Dr. Galloway. Consequently, we discern no error or abuse of discretion in the trial court's decision to address Dr. Galloway's motion to dismiss for lack of personal jurisdiction. See Byrnes v. Landrau, 326 N.J. Super. 187, 193 (App. Div. 1999) (explaining that when dealing with a constitutionally-based defense, such as personal jurisdiction, waiver of that defense should be clear and any contention that the defense has been waived should be strictly scrutinized).

B.    Whether There Is Personal Jurisdiction

"A court's jurisdiction is 'a mixed question of law and fact' that must be resolved at the outset, 'before the matter may proceed . . . .'" Rippon v. Smigel, 449 N.J. Super. 344, 359 (App. Div. 2017) (quoting Citibank, N.A. v. Estate of Simpson, 290 N.J. Super. 519, 532 (App. Div. 1996)). We review de novo the legal aspects of personal jurisdiction. Id. at 358 (citing Mastondrea v. Occidental Hotels Mgmt. S.A., 391 N.J. Super. 261, 268 (App. Div. 2007)). We

will not disturb a trial court's factual findings concerning jurisdiction if they are supported by substantial credible evidence. Ibid. Moreover, "[a] trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference [on appeal]." Manalapan Realty, L.P. v. Manalapan Twp. Comm., 140 N.J. 366, 378 (1995).

New Jersey courts "may exercise in personam jurisdiction over a non-resident defendant 'consistent with due process of law.'" Bayway Refining Co. v. State Utils., Inc., 333 N.J. Super. 420, 428 (App. Div. 2000) (alterations in original omitted) (quoting R. 4:4-4(b)(1)). A two-part test governs that analysis:

> [D]ue process requires only that in order to subject a defendant to a judgment in personam, if he [or she] be not present within the territory of the forum, [(1)] he [or she] have certain minimum contacts with [the forum (2)] such that the maintenance of the suit does not offend "traditional notions of fair play and substantial justice."
>
> [International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)).]

"[T]he requisite quality and quantum of contacts is dependent on whether general or specific jurisdiction is asserted . . . ." Citibank, N.A., 290 N.J. Super. at 526.

General jurisdiction exists when the plaintiff's claims arise out of the defendant's "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Columbia, S.A. v. Hall, 466 U.S. 408, 414 (1984); Baanyan Software Servs., Inc. v. Kuncha, 433 N.J. Super. 466, 474 (App. Div. 2013). For general jurisdiction to attach, a defendant's activities must be "so continuous and systematic as to render [it] essentially at home in the forum State." FDASmart, Inc. v. Dishman Pharm. & Chems., Ltd., 448 N.J. Super. 195, 202 (App. Div. 2016) (alteration in original) (citation omitted) (quoting Daimler AG v. Bauman, 571 U.S. 117, 128 (2014)).

Specific jurisdiction is available when the "cause of action arises directly out of defendant's contacts with the forum state . . . ." Waste Mgmt., Inc. v. Admiral Ins. Co., 138 N.J. 106, 119 (1994), cert. denied, 513 U.S. 1183 (1995). In examining specific jurisdiction, the "minimum contacts inquiry must focus on 'the relationship among the defendant, the forum, and the litigation.'" Lebel v. Everglades Marina, Inc., 115 N.J. 317, 323 (1989) (quoting Shaffer v. Heitner, 433 U.S. 186, 204 (1977)). The minimum contacts requirement is satisfied if "the contacts expressly resulted from the defendant's purposeful conduct and not the unilateral activities of the plaintiff." Ibid. (citing World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297-98 (1980)). "In determining whether the

defendant's contacts are purposeful, a court must examine the defendant's 'conduct and connection' with the forum state and determine whether the defendant should 'reasonably anticipate being haled into court [in the forum state].'" Bayway Refining Co., 333 N.J. Super. at 429 (alteration in original) (quoting World-Wide Volkswagen Corp., 444 U.S. at 297).

Applying these well-established standards, Dr. Galloway is not subject to personal jurisdiction in New Jersey. Dr. Galloway does not have the continuous and substantial contacts that would subject him to general jurisdiction in New Jersey. Dr. Galloway lives and practices medicine in New York. He certified he held a New Jersey medical license only between 2004 and 2009, and never actually practiced medicine in New Jersey.

Plaintiff contends that Dr. Galloway advertised on local television stations and published information on the internet. Those general contentions, however, are insufficient to establish general jurisdiction. Plaintiff did not identify any actual advertising on local television stations. Instead, plaintiff merely asserted that Dr. Galloway had engaged in such advertisement. That contention is not supported by any specific facts such as the nature of the advertising, when and where the advertising was actually aired, and whether the advertisement was directed at New Jersey residents.

Plaintiff's certification also included a screen shot of a YouTube video entitled, "Meet Cardiothoracic Surgeon Dr. Aubrey Galloway." The video was uploaded by NYU Medical Center in August 2017, more than a year after decedent's surgery. Plaintiff also references Dr. Galloway's listing on NYU Medical Center's website. We have adopted the federal courts' view that "the mere accessibility of a foreign business' website through which customers may obtain information . . . is insufficient contact by itself to support general jurisdiction." Wilson v. Paradise Village Beach Resort & Spa, 395 N.J. Super. 520, 532-33 (App. Div. 2007) (collecting cases). In short, plaintiff's general allegations do not satisfy the rigorous standard for establishing general jurisdiction through substantial and sustained contacts.

Dr. Galloway is also not subject to specific jurisdiction based on his treatment of decedent. It is undisputed that Dr. Galloway treated and operated on decedent in New York. He had no contact with decedent in New Jersey. We have previously held that a doctor's out-of-state treatment of a New Jersey resident does not, in and of itself, establish personal jurisdiction. Bovino v. Brumbaugh, 221 N.J. Super. 432, 437 (App. Div. 1987). In Bovino, we explained that when a patient seeks personal services from an out-of-state physician, those services are not directed towards a particular place; rather, they

12

are directed at the needs of the patient. In that regard, we noted that it is fundamentally unfair to subject an out-of-state physician to jurisdiction in New Jersey when treatment is provided exclusively in another state. Ibid.

Plaintiff contends that the decedent's New Jersey doctor was a friend of Dr. Galloway. In that regard, plaintiff suggests that the decedent's New Jersey doctor referred decedent to Dr. Galloway for treatment. Such a referral does not establish specific personal jurisdiction. See id. at 436-37. Dr. Galloway did not initiate or seek the referral. Instead, a New Jersey doctor, who apparently knew Dr. Galloway, referred decedent to Dr. Galloway. Such a referral is not purposeful conduct by Dr. Galloway with New Jersey.

While we affirm the order dismissing defendants for lack of personal jurisdiction, the dismissal should not have been with prejudice. The dismissal of the complaint was not an adjudication on the merits. R. 4:37-2(d) ("any dismissal not specifically provided for by R. 4:37, other than a dismissal for lack of jurisdiction, operates as an adjudication on the merits."); Exxon Research and Eng'g Co. v. Indus. Risk Ins'rs, 341 N.J. Super. 489, 519 (App. Div. 2001) (finding that a dismissal for lack of jurisdiction should be without prejudice because such a dismissal is not an adjudication on the merits). Accordingly, we

remand for the limited purpose of entering an amended order dismissing the complaint without prejudice.

Affirmed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

14

A-1373-18T2